IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK CHARLESTON, SC
2011 MAY 23 P 12: 38

| | |
|---|---|
| Charlton Javier Dowling, ) | Civil Action No. 9:11-cv-633-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| J. Al Cannon, Jr., Esq., ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner brought this action pursuant to 28 U.S.C. § 2254. At the time of the filing Petitioner is a pre-trial detainee at the Charleston County Detention Center and seeks immediate release before his criminal trial. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that this matter be dismissed without prejudice to allow Petitioner's criminal trial to proceed. The Petitioner has failed to object. After review for errors of law, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with

1

instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

First, habeas corpus is the remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Therefore, to the extent Petitioner has requested monetary damages as part of his relief, that claim is subject to dismissal.

Petitioner also requests "immediate release" in his habeas petition. However, although release is an appropriate remedy for a habeas action, Petitioner provided this Court with a notice of change of address on March 25, 2011 indicating that he has now been released from the Charleston County Detention Center. (Dkt. No. 4). "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Therefore, Petitioner's request for an "immediate release" from custody is moot.

Finally, the Petition also seeks habeas relief for "future confinement dealing with this case." Thus, Petitioner asks this Court to intervene in his state criminal case. A federal court, however, should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996); citing *Younger v. Harris*, 401 U.S. 37 (1971)(abstention doctrine for pending state judicial proceedings). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the

2

proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner's habeas petition states that he is charged with the criminal offense of attempted murder. At the time Petitioner filed his petition, state criminal proceedings were still pending, so the first abstention prong is satisfied. The second criteria, implication of important state interests, is also satisfied since "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Regarding the third "adequate opportunity" criteria, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Petitioner will have sufficient opportunity during his state criminal proceedings to raise his concerns regarding constitutional violations in connection with his arrest and detention. Accordingly, his Petitioner must be denied.

## Conclusion

Based on the above, this Court dismisses the above-captioned action without prejudice and without issuance of process.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 23, 2011
Charleston, South Carolina

4